WO
KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene P. Patterson,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>Defendants. | No.   CV-24-00191-TUC-SHR<br><br>**ORDER** |

Pending before the Court are self-represented Plaintiff Eugene P. Patterson's Motion for Objections (Doc. 18) and Motion to Appoint Counsel (Doc. 19). The Court will construe the Motion for Objections as a motion for reconsideration, deny the Motion, and deny as moot the Motion to Appoint Counsel.

**I.     Background**

Plaintiff filed a civil rights Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court directed Plaintiff to either pay the filing and administrative fees or file an Application to Proceed In Forma Pauperis. Plaintiff filed a Motion for Extension of Time, which the Court granted and, in so doing, again explained the filing fee or in forma pauperis requirements. Plaintiff then filed another Motion for Extension of Time, a Motion to Appoint Counsel, a deficient Application to Proceed In Forma Pauperis, a Motion for Leave to File an Amended Complaint, and a "Motion for Objections." In an August 9, 2024 Order, the Court granted the Motion for Leave to File Amended Complaint; denied

the deficient Application to Proceed and other Motions; and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis and certified six-month trust account statement.

On August 30, 2024, Plaintiff filed a "Motion for Objections" and another deficient Application to Proceed In Forma Pauperis. In a January 14, 2025 Order, the Court denied the Motion for Objections, denied the deficient Application to Proceed, and dismissed this action without prejudice for failure to comply with a Court Order. On February 7, 2025, Plaintiff filed his Motion for Objections and Motion to Appoint Counsel.

## II.     Motions

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Although unclear, Plaintiff appears to assert the Court "made a mistake" because it did not contact the Federal Bureau of Prisons for Plaintiff's financial information. As the

Court explained in its previous orders, it is Plaintiff's responsibility to obtain this information and provide it to the Court. The Court finds no basis to reconsider its decision to dismiss this case. Thus, the Court will deny Plaintiff's Motion for Objections and will deny as moot Plaintiff's Motion to Appoint Counsel.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Objections (Doc. 18) is **construed** as a motion for reconsideration. So construed, the Motion is **denied**.

(2) Plaintiff's Motion to Appoint Counsel (Doc. 19) is **denied** as moot.

(3) This case must remain **closed**.

Dated this 16th day of June, 2025.

Honorable Scott H. Rash
United States District Judge